### PAYNE, Agent U. S. R. R. Administration, v. CARD.

(Circuit Court of Appeals, Eighth Circuit. June 9, 1921.)

No. 5591.

1. **Trial** ⬤➞181—**Charge of court held sufficiently excepted to.**

Where the trial court directed a verdict, exception to the charge *held* sufficient to entitle the excepting party to include it in the bill of exceptions.

2. **Trial** ⬤➞141—**Each party held, under the pleadings, entitled to directed verdict on claim and counterclaim respectively.**

Under pleadings which with the facts admitted showed that plaintiff as carrier through mistake delivered to defendant 88 head of cattle which were not his, but which he sold, and that plaintiff received for carriage to defendant 106 head of cattle owned by him, but which through mistake plaintiff delivered to another, but afterward sold, plaintiff *held* entitled to a directed verdict for conversion of the 88 head, and defendant on his counterclaim to a directed verdict for conversion of the 106 head, the damages in each case to be assessed by the jury.

3. **Carriers** ⬤➞212—**Misdelivery by carrier constitutes conversion.**

The delivery by a carrier of a shipment of cattle to another than the owner and consignee *held* to constitute a conversion for which the carrier was not relieved from liability by a tender of part of the shipment to the owner several months later.

In Error to the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Action at law by John Barton Payne, Agent United States Railroad Administration, against Harry B. Card. Judgment for defendant, and plaintiff brings error. Reversed.

Nye F. Morehouse, of Chicago, Ill. (A. A. McLaughlin, of Evanston, Ill., and Avery Haggard, of Cheyenne, Wyo., on the brief), for plaintiff in error.

J. M. Hodgson, of Cheyenne, Wyo. (W. B. Ross, of Cheyenne, Wyo., on the brief), for defendant in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. This is a suit by the Director General of Railroads against Harry B. Card for conversion of 88 head of cattle, alleged to be worth $7,268.25. Card denied the essential allegations of the petition, and counterclaimed in two counts. From a judgment on a directed verdict denying recovery to plaintiff and allowing Card recovery on both counts of his counterclaim in the total of $1,552.92, this writ of error is brought.

[1] Defendant has filed here a motion to strike from the transcript that portion of the bill of exceptions containing the charge of the court to the jury, upon the ground that none but a general exception to the whole charge was made, and that such character of exception, under rule 10 of this court (188 Fed. ix, 109 C. C. A. ix), excludes the charge from the bill of exceptions. The prime purpose of rule 10 was to limit the review of the charge in this court to matters which had

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

been specifically brought to the attention of the trial court at a time and in a way to afford that court a fair opportunity to consider the exceptions and correct any errors in the charge as excepted to. Here the essence and only effect of the charge was to direct the verdict of the jury. The jury was left no consideration of the evidence, and no choice of decision on the facts. Its verdict merely records the determination of the court upon the facts. The statement by the court of its reasons for reaching the conclusion, which it directed the jury to register in the verdict, could have no legal effect upon the action of the jury, and can hardly be classed as a portion of the charge to it. The real office of such a statement is similar to an opinion. For this reason, the application of rule 10 is doubtful, except to the extent of exceptions to separate specific items covered by the directed verdict, which items in this case would be the amount sued for by plaintiff, and the two amounts allowed on the counterclaim. But plaintiff not only excepted to each of those items separately, but did so with full reasons and in elaborate detail. The motion should be denied.

[2] On the merits, plaintiff contends that the evidence and law are so conclusive in its favor that the court should have directed a verdict for it on its claim, and against defendant upon his counterclaim.

It is important first to determine just what the issues were as made by the pleadings. The petition alleged that plaintiff, as a common carrier, had mistakenly delivered to defendant 88 head of cattle belonging to another shipper, Harris, at Newell, S. D., and upon discovery of the mistake had, about November 12, 1918, demanded return of the cattle, which was refused; that he was, by purchase from Harris, entitled to the cattle; that he was entitled to the possession of the cattle at the time of conversion; that the reasonable value of the cattle at the time of conversion was $7,268.58.

The answer denied generally these allegations. It also contained what was denominated as a "set-off and cross-petition," which consisted of two so-called causes of action. The first cause was that plaintiff, as a common carrier, had undertaken to transport to defendant, at Manville, Wyo., 106 head of cattle, which he had purchased but never seen; that the cattle were purchased for resale, under a previous arrangement; that he believed the 88 head received to be a portion of the cattle shipped to him, and that there was a shortage of 18 head; that he endeavored to take up with plaintiff this shortage, but received no response or information, except that the local agents of defendant informed him that the 88 head were his cattle; that, not desiring to accept the cattle until he ascertained about the shortage, nor to receipt for the entire 106 head as received, he held the cattle in corrals for several weeks, at great expense, while seeking such information; that there was great danger of escape and loss of the cattle, as they were unbranded and were breaking out of the corrals; that it was necessary to go to great expense in guarding against escape of the cattle from the corrals; that, relying upon the acts and statements of plaintiff's agents, and being misled thereby, and the persons to whom he had contracted the cattle being willing to accept the 88 head and wait for the missing 18 head, he sold and delivered the 88 head to them,

upon the terms previously agreed upon, and such cattle were branded and removed by the purchasers; that some time after such sale and delivery, he was notified by plaintiff that the 88 head were not his cattle, but that through mistake these cattle had been delivered to him, and his cattle had been delivered at Newell, S. D.; that demand was then made upon him for delivery; that it was then entirely impossible for him to comply with such demand; that the mistaken deliveries were due entirely to plaintiff's negligence, and not to his fault; that he was damaged thereby to the extent of $5,267.55, consisting of four items, as follows: Difference in price between the 88 head he had purchased and the 88 head delivered, $2,467.55; expense of holding cattle in corrals for about a month while waiting for information, $300; interruption of his business and time spent in looking after the cattle delivered, and looking for the cattle not delivered, $500; expenses incident to this suit, including time of defendant in preparing for trial and attending court, $1,500; inability to deliver the cattle he had contracted to sell, $500.

His second cause was that plaintiff, as a common carrier, had contracted to transport and deliver to him 106 head of cattle; that it did not do so, but transported and delivered them at Newell, S. D., and has converted them; that he was sole owner entitled at the time of conversion and thereafter to delivery of the cattle; that the conversion was of about November 12, 1918; that he has been damaged thereby $5,768.52.

The plaintiff, by amended answer to the above first cause of action, admitted receipt of 106 head of cattle to be shipped to defendant, and the wrongful delivery to him of 88 head not his cattle. To the above second cause, it admitted receipt of the cattle to be shipped to defendant, but denies conversion, alleging that defendant refused to receive the same, wherefore plaintiff was compelled to and did sell the cattle for the highest price obtainable, and has held and holds the proceeds for the benefit of any one entitled thereto.

Taking these pleadings together with their contained admissions, it seems clear that the cattle delivered defendant were not his cattle, and that his cattle were delivered to some one else at Newell, S. D. The issues as to plaintiff's claim, therefore, were whether the circumstances of the receipt and dealing with the cattle and the refusal to return upon demand constituted conversion, and, if so, the amount of recovery. The issues as to defendant's first claim were his right to recover and the amounts of his several items alleged as damages because of negligent failure of plaintiff to deliver defendant's cattle. The issues as to defendant's second claim were whether plaintiff had converted the cattle, and, if so, the damages due therefor.

As to plaintiff's claim, there can be no question but that, on the admissions in the answer, he was entitled to a directed verdict for the value of the 88 head mistakenly delivered. On the first cause of action of defendant there should be no recovery. The first item, of difference in value of the cattle, is covered by the second cause of action. The next three are not properly chargeable against plaintiff as legal damages. The last item for damages in the sum of $500 is not charge-

able, unless knowledge by plaintiff of the contract can be shown, and no such showing is in the evidence.

[3] Defendant's second cause is for conversion of the 106 head. This conversion is denied by plaintiff. It is admitted that the cattle were not properly delivered, but were erroneously sent to Newell, S. D., and there delivered to another shipper. This constituted a conversion as of the date of wrongful delivery. This could not be avoided by a tender of part of the cattle 2½ months later. While mere delay in delivery by a carrier will not constitute conversion, yet any dealing with the cattle by the carrier at any time which is inconsistent with, or a denial of the shipper's title and right to possession (after payment of charges due the carrier) is a conversion, and fixes the rights of the parties, although subsequent action of the carrier may go in mitigation of damages.

The court should have directed a verdict for plaintiff upon his claim and upon the first cause of action of the defendant; it should have directed a verdict for defendant upon his second cause of action; it should have left to the jury to determine the damages under the above directed verdicts.

The judgment is reversed, and a new trial ordered.